## JAMES SIMPSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 21, 1910.

Nos. 16,773—(79).[2]

**Verdict sustained by evidence — damages.**

> In an action to recover for personal injuries, it is *held* that the evidence supports the verdict and that the damages awarded are not excessive.

Action in the district court for Polk county to recover $50,000 for personal injuries sustained by plaintiff. The case was tried before Watts, J., and a jury which rendered a verdict for plaintiff in the sum of $3,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. W. Mason, J. D. Sullivan,* and *James H. Maybury,* for appellant.

*W. E. Rowe* and *Charles Loring,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

[1]Reported in 127 N. W. 1124.     [2]October, 1910, term calendar.

The contentions of appellant are: (1) That the evidence wholly fails to make a case of negligence against defendant; (2) that the evidence is conclusive of plaintiff's contributory negligence; and (3) that the damages awarded by the jury are excessive. Our examination of the evidence leads to the conclusion that the order appealed from should be affirmed.

1. Plaintiff was in the employ of defendant as a boilermaker; his duties being to make repairs upon locomotive boilers when reported to be in need of the same. On the night of the accident complained of, plaintiff had made certain repairs upon one of the defendant's engines, and after completing his work started to leave the same by the passageway between the engine and tender, and as he was doing so the bottom of his trouser leg or overalls caught upon a loose strip of moulding extending along the bottom of the tender, which was out of repair and out of place, by reason of which he was tripped and thrown to the ground and injured. Our examination of the record discloses evidence reasonably tending to establish the contention of plaintiff that the moulding along the bottom of the tender was loose, out of its proper position, and so projected out as to render an accident of this kind, to one not familiar with its condition, quite likely to happen. The evidence also tends to show that the defect existed for some days prior to the accident to plaintiff and could readily have been discovered and repaired.

2. The evidence will not justify the conclusion, as a matter of law, that plaintiff was guilty of contributory negligence. The accident occurred in the nighttime, and it was a fair question for the jury whether plaintiff could, by reasonable prudence, have discovered the projecting moulding and avoided coming in contact with it.

3. The evidence on the subject of plaintiff's injuries and the extent and probable permanence thereof is conflicting. It is not disputed that plaintiff sustained from his fall a broken rib and received other injuries. He claims that he also suffered a severe strain of the back, which has since disabled him from any kind of manual labor. The medical expert called as a witness on his behalf testified that his injuries were practically permanent, or, as ex-

pressed by the witness, "I don't think that he has got a chance to recover." And, though the expert testimony offered by defendant is quite strong to the contrary, we discover no sufficient reason for disturbing a recovery of $3,500.

Order affirmed.